Pauline Stallworth v. The State.

No. 1639.    Decided March 27, 1912.

Rehearing Granted May 8, 1912.

1.—Carrying Pistol—Recognizance.

Where the recognizance did not state that appellant had been convicted of a misdemeanor and failed to describe the offense and state the penalty, the same was insufficient. However, upon filing a sufficient recognizance, the appeal was reinstated.

2.—Same—Newly Discovered Evidence—Affidavits.

Where no affidavits were attached to the motion alleging newly discovered evidence and no testimony was introduced, the matter could not be reviewed on appeal.

3.—Same—Sufficiency of the Evidence.

Where, upon trial of unlawfully carrying a pistol, the evidence was sufficient to sustain the conviction, although conflicting, there was no error.

Appeal from the County Court of Limestone. Tried below before the Hon. W. A. Keeling.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The prosecuting witness testified that the defendant and her husband had been his tenants on his farm and that he had ordered them to leave; that they left, but the defendant returned in a buggy and entered the tenant house which they had formerly occupied and took her trunk therefrom, placed it in her buggy and left with it; that he followed her on horseback and overtook her, and as he got near her she reached over and got a pistol, and that he caught her hand and wrenched the pistol out of her hand; that he was unwilling for her to take her trunk away until she paid him a small amount which

she owed him; that he was about a hundred and fifty yards from her at the time she entered the house.

The defendant testified that she came after her trunk and that prosecutor followed her and overtook her about four hundred yards from the house, and made her turn back and take the trunk in the house where she had gotten it; that she did so, and as she came back to the buggy the prosecutor had taken up the pistol which she had left in a bundle lying on the seat of the buggy, and that he never saw her with the pistol in her hand, etc.

*Kennedy & Blackman,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under information and complaint charging her with unlawfully carrying a pistol and the trial resulted in her conviction.

The Assistant Attorney-General has filed a motion to dismiss this appeal on the ground that the recognizance does not state that she had been convicted of a misdemeanor, neither does it describe a statutory offense nor state the penalty assessed. From an inspection of the recognizance, it appears that these grounds must be sustained, and the appeal is dismissed.

*Dismissed.*

### ON REHEARING.

#### May 8, 1912.

HARPER, JUDGE.—This case was dismissed at a former day of this term on account of a defective recognizance. Appellant has filed a recognizance as provided by law, and we will dispose of the case on its merits.

This case was tried by the court without a jury, and appellant was adjudged guilty of unlawfully carrying a pistol, and her punishment assessed at a fine of $100.

There are but two grounds assigned in the motion, the insufficiency of the evidence, and alleging newly discovered evidence. No affidavits are attached to the motion asserting newly discovered evidence, and no reason given why the affidavits of the witnesses were not attached; no evidence was introduced when the motion was heard, and we can not, therefore, consider that ground on appeal.

As to the sufficiency of the evidence, if the evidence offered on behalf of the State is true, it supports the verdict. The defendant gave a reasonable account of her possession of the pistol consistent with her innocence, but the State's witness contradicted her testimony. In this condition of the record we are not authorized to disturb the verdict.

*Affirmed.*

The judgment is affirmed.