### GILBERT TAYLOR v. THE STATE.

No. 3169.    Decided July 17, 1914.

Rehearing denied October 14, 1914.

**1.—Murder—Verdict—Degree of Murder.**

Where the evidence did not raise the issue of murder in the first degree, and the court submitted only murder upon implied malice, it was not necessary for the jury to state in their verdict the degree of murder of which they found defendant guilty.

**2.—Same—Evidence—Cross-examination.**

Where the State elicited no part of the testimony objected to, but only insisted that as defendant had propounded the interrogatory and elicited from the witness a part of the answer that the latter furnish his answer to the question, there was no error.

**3.—Same—Charge of Court—Objections.**

In the absence of objections to the charge of the court at the proper time, objections thereto raised for the first time in an amended motion for new trial can not be considered on appeal.

**4.—Same—Newly Discovered Evidence.**

Where the alleged newly discovered testimony was of an impeaching character, there was no error in overruling the motion for new trial on that ground.

Appeal from the District Court of Liberty. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of murder; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Stevens & Stevens,* and *E. T. Branch,* for appellant.—On question of admitting evidence on cross-examination: Hopt v. Utah, 110 U. S., 574; Queen v. Hepburn, 7 Cranch, 290.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of murder, and his punishment assessed at twenty years confinement in the State penitentiary.

Appellant was convicted of killing Ova Nugent. Alfred Nugent was a material witness for the State and had testified to recognizing

the voice of appellant when they first rode up to his house that night; that after two shots had been fired, he went out of the house and saw and recognized appellant, who then shot at him. The theory of the State was that appellant went to Nugent's house that night to kill the father, Alfred Nugent, and the shot was fired with that intent, consequently there is no murder of the first degree in the case, and the court so instructed the jury, and submitted only murder upon implied malice. Under such circumstances it was not necessary for the jury to state in their verdict the degree of murder of which they found appellant guilty. Alfred Nugent having testified that he had been informed that appellant had stolen one of his hogs, he went to appellant's place and saw one of his hogs in appellant's potato patch; that he knew the hog; that appellant saw him looking at the hog, and after he satisfied himself that it was his hog, he returned home, going by Orillian Fruger's. This is as far as the State went into the matter of hog stealing; when on cross-examination the following proceedings were had: Appellant after making some inquiries in regard to the identification of the hog, and his testimony at the examining trial in an effort to show that the testimony was not true, asked the witness: "Why didn't you go then, after you saw your hog, and have him (defendant) arrested?" To which the witness replied: that he was going to have defendant arrested that night, but that Orillian Fruger told him just to stop this—at this point the defendant objected to the witness stating what Orillian Fruger had said, and over his objection, the court permitted the witness to say that his reason for not having appellant arrested for the theft of the hog that evening was that Orillian Fruger had requested him not to do so, saying: "He is a brother-in-law of mine and he just got out of one scrape and don't put him in another—that he would go and see appellant and have him pay for the hog; that if witness would give him, Fruger, until the next day he would fix it up." As appellant pursued the line of inquiry he did on cross-examination, and having propounded the interrogatory desiring to know the reason why he had not had appellant arrested and elicited a part of the answer, it was proper for the court to permit the witness to state his reason in full. Of course, it would not have been admissible in behalf of the State as original testimony, but when the defendant took him on cross-examination and went into this matter of his own volition, then it was permissible for the court to permit the witness to give a full answer to the question propounded. The State elicited no part of the testimony objected to, but only insisted that as appellant had propounded the interrogatory and elicited from the witness a part of the answer, it was but fair to the witness to let him finish his answer to the question, and the court so held.

This case was tried in last February. At the time the charge was submitted to appellant's counsel no objections were made thereto in any respect. In the amended motion for a new trial, however, he assigns several errors as to the charge. Under the law as passed by the last

Legislature, we can not consider such complaints, having been made for the first time after the verdict, in the amended motion for new trial.

The only other complaint is that the court erred in not granting a new trial on account of newly discovered evidence. This testimony would be of an impeaching nature only if true, and as the State contested the motion and introduced evidence thereon, the court after hearing the evidence in regard thereto found against appellant and overruled the motion. We can not hold that he abused his discretion in so doing.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 14, 1914.—Reporter.]