## Tom McHenry v. The State.

### No. 3399. Decided February 3, 1915.

### Rehearing denied February 24, 1915.

**1.—Bribing Officer—Bills of Exception.**

Where the bills of exception were not approved, and no attempt was made to prove them up, they can not be considered on appeal.

**2.—Same—Bills of Exception—Qualification.**

Where appellant accepted the bills of exception as qualified by the court, he is bound thereby. Following Blain v. State, 34 Texas Crim. Rep., 448.

**3.—Same—Evidence—Declaration of Third Parties.**

Upon trial of bribery, there was no error in not permitting the witness to testify as to the declarations of third parties and what they had told him.

**4.—Same—Argument of Counsel.**

In the absence of requested instructions and in view of the qualifications of the bills of exception that the alleged argument of counsel was not used, and that which was used was in response to defendant's counsel, there was no error.

**5.—Same—Evidence.**

Where the alleged refused testimony did not relate in any way to the transaction for which defendant was being tried, there was no error. Distinguishing Green v. State, 54 Texas Crim. Rep., 3.

**6.—Conduct of District Attorney—Colloquy Between Counsel.**

Where, upon trial of bribery, the court excluded from the jury the remarks which occurred in a colloquy between counsel, there was no error.

**7.—Same—Argument of Counsel.**

Where the district attorney remarked in his argument that the law was made for the negroes as well as for the white people, there was no error; the same being in response to defendant's argument.

Vol. 76 Crim.-18

**8.—Same—Newly Discovered Testimony.**

Where the motion for new trial upon the ground of newly discovered evidence showed that the same was of an impeaching character on an immaterial issue and did not even do this, but corroborated the State's testimony, there was no error in overruling the motion.

**9.—Same—Sufficiency of the Evidence.**

Where, upon trial of attempting to bribe an officer, the evidence, although conflicting, was sufficient to sustain a conviction, there was no reversible error.

Appeal from the District Court of Hardin. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of attempting to bribe an officer; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. L. Durham,* for appellant.—On question of insufficiency of evidence: Owens v. State, 35 Texas, 361.

On question of newly discovered evidence: Green v. State, 54 Texas Crim. Rep., 3, 111 S. W. Rep., 933.

On question of qualifying bill of exceptions: Wyatt v. State, 38 Texas Crim. Rep., 267.

On question of argument of counsel: Lanuach v. State, 12 Texas Crim. App., 583; Burrell v. State, 62 Texas Crim. Rep., 635, 138 S. W. Rep., 707.

On question of newly discovered evidence: Davidson v. State, 33 Texas, 247; Estrada v. State, 29 Texas Crim. App., 169; Henson v. State, 168 S. W. Rep., 89; Graham v. State, 163 S. W. Rep., 726; Gill v. State, 56 Texas Crim. Rep., 202, 119 S. W. Rep., 684.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—In this case R. B. Green, who was a deputy sheriff, testified that after the arrest of Tom Flemming on a charge of unlawfully carrying a pistol, and while he was on his way to jail with Flemming, appellant approached him and offered first to pay him thirty dollars to release Flemming. Upon him declining to do so, appellant then offered him the sum of fifty dollars, and then sixty dollars to release Flemming, all of which it seems he declined, and Flemming was placed in jail.

Upon this testimony appellant was indicted charged with attempting to bribe Green to release a prisoner, and when tried he was convicted and his punishment assessed at two years confinement in the State penitentiary.

Bills of exception Nos. 7 and 8 were refused by the court for reasons stated, and as appellant made no attempt to prove them up, of course they can not be considered.

Bills of exception Nos. 1, 2, 3, 4, 5, and 6 were qualified by the court in approving them; appellant accepts the bills as qualified and

files them, and under such circumstances is bound by the qualification. Blain v. State, 34 Texas Crim. Rep., 448.

Bill No. 1 is in effect refused because in the order approving same it is stated that the witness was permitted to testify to all facts within his knowledge, and objections were sustained only to that portion of the testimony of the witness wherein appellant had sought to have him to testify what third parties had told him. If appellant desired such testimony he should have called the persons as witnesses who told Justice Crawford these things, and not attempted to prove such statements by Judge Crawford.

Bills 2 and 4 relate to the argument of the district attorney. The qualifications state the district attorney used no such language as stated in the bills as prepared, and then in the qualification sets out the language which in the opinion of the court was used, and the further fact that the language used was in direct reply to the argument of Mr. Durham, attorney for appellant. As approved these two bills present no error. The court was not requested to instruct the jury to not consider the remarks, and the authorities cited by appellant are not in point.

Bill No. 3 is a bill reserved to the court declining to permit appellant to ask the prosecuting witness Green: "What reason did Sheriff Jordan give you for discharging you as deputy?" The witness Green was not on trial but appellant was the person being tried. The bill does not allege that the witness Green had been indicted for any offense and for this reason had been discharged by the sheriff. Attached to the contest of the motion for a new trial is an affidavit of the sheriff that the alleged answer in the bill does not correctly represent the facts, and the court in approving the bill shows that no such answer as is alleged could or would have been elicited from the witness. The matter does not relate in any way to the transaction for which appellant was being tried, and the court did not err in sustaining the objection, for it could not be a material inquiry in this case why the sheriff had dispensed with the services of Green as a deputy sheriff. At least appellant states no facts which would make it a material inquiry. The case of Green v. State, 54 Texas Crim. Rep., 3, 111 S. W. Rep., 933, cited by appellant, does not sustain his contention. In that case it was held as the question and answer would have shown his animus, ill-will, motive, etc., the testimony was admissible. In this case the question and answer could have had no such bearing.

In bill No. 5 it is claimed that during the trial Mr. Manry, the district attorney, said, while G. W. Childs was testifying, "that he (appellant) was a pet of the officers of Jefferson County"; that appellant objected to the remarks, when the district attorney replied, "I never said he was the officers' pet," but said, "He might be this officer's pet, for all I know." In approving the bill it is stated by the court the remarks were made during a colloquy between appellant's counsel and the district attorney, and the court at the time instructed the jury not to consider such remarks, and reprimanded at the time both the

district attorney and appellant's counsel for engaging in side-bar remarks. As qualified the bill presents no error.

Bill No. 6 complains that the district attorney stated during the trial, "the law was made for the negroes." If such a remark had been made it would have been improper, but in approving the bill the court says that in reply to the language of the defendant's attorney, State's counsel had said, "the law was made for the negroes as well as the white people." This latter remark merely states a truism, and as it was called out by the language of the defendant's counsel, it was not improper.

These are all the bills in the record, but in the motion for a new trial appellant claims to have discovered new testimony, and asks a new trial on account thereof. In the course of his testimony the witness Green testified that after the arrest of Flemming he had turned him over to Dale Reeves, while he went to look for some other violators of the law; that he came back and got Flemming and started to jail with him, and it was as he was on his way to jail that the offer to bribe him was made by appellant. He did not state that Reeves was present when the offer was made, but his testimony excludes that idea.

Appellant, since the trial, has secured the affidavit of Reeves, who swears he was not present on that occasion, and that Green did not turn Flemming over to him to hold while he went to look for other persons. If Reeves had testified he was present and no offer to bribe was made, it would be material, but it is immaterial to whom Green turned Flemming over to hold for a few minutes. The offer to bribe, if made, had not then been made, and was not made until Green says he had again taken charge of the prisoner, and was on his way to jail with him. The testimony of Reeves could have no bearing except to tend to impeach Green on an immaterial issue, and such testimony has never been deemed of sufficient importance to authorize a new trial.

He also attaches the affidavit of Mr. Tarver, who says he will testify that he had a talk with Green prior to the trial of this case and he heard Green say: "That the only way that he knew appellant was the man who offered to bribe him to release Flemming was that the man who offered to bribe him came on the train that day with Flemming. If Green did so state, this would be no contradiction of Green's testimony on the trial. The testimony of Flemming and appellant both show that they came to Silsbee on the same train that day; that they got off the train together, and were together for some five minutes after getting off the train. So this testimony instead of tending to impeach Green, would, if anything, tend to corroborate his testimony on the trial of the case, and the court did not err in refusing to grant a new trial on account of the alleged newly discovered evidence.

Appellant earnestly insists that the testimony is insufficient to sustain a conviction. We have read the testimony carefully and thoughtfully. If the testimony of Green is true it supports the verdict, and evidently the jury believed him, and we can not say his testimony is not true. Appellant presented a strong defense, and no one could have censured

the jury if they had acquitted appellant. But it apparently did not raise a doubt in the minds of the jury that Green was telling the truth. Appellant severely assailed Green on the trial, but this did not shake the jury's confidence in his testimony, and it is asking too much that we, at this distance, wholly discredit and reverse the case.

There being no error pointed out in the record the judgment is affirmed.

*Affirmed.*

[Rehearing denied February 24, 1915.—Reporter.]