## JOHN JOHNSON v. THE STATE.

### No. 4116.   Decided June 14, 1916.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, assessing the death penalty, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Confessions—Circumstantial Evidence.**

Where, upon trial of murder, the defendant made a direct confession, this placed the case beyond the pale of circumstantial evidence.

**3.—Same—Newly Discovered Testimony—Affidavits—Reputation for Truth and Veracity.**

Testimony which only is impeaching does not afford a ground for a new trial, and is not classed as newly discovered testimony; besides, the affidavits of the State showed the confessions of the defendant to the alleged absent wit-nesses.

Appeal from the District Court of Ellis.    Tried below before the Hon. F. L. Hawkins

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—The jury convicted appellant of murder, al-lotting the death penalty.

It is unnecessary, we believe, to give a statement of the facts.    While appellant makes a serious contention that the evidence is not sufficient, we do not agree with that contention.    The facts and details are nu-

merous, covering over 150 pages of the transcript and show a brutal murder by somebody. The evidence shows two parties did the act for the purpose of taking money and other things. The deceased, Jones, evidently engaged them in vigorous battle. Larkin was convicted and hanged for the same murder. The confession of defendant placed his case beyond the pale of circumstantial evidence. His confession is direct, in which he gave some details of the fight and killing.

In his amended motion for a new trial defendant alleges newly discovered testimony, setting out the affidavits of two witnesses. These affidavits show that one of the main witnesses who testified for the State had a bad reputation for truth and veracity. These parties lived in Waxahachie, in Ellis County, a number of years, as did the witness who testified. This could hardly be used as newly discovered testimony even if it affords sufficient grounds for reversal otherwise. If the witness had the general reputation for want of veracity in the neighborhood where all these witnessed lived, it ought to be assumed, or presumed, that other witnesses would have known this fact. Testimony which only is impeaching does not afford a ground for a new trial. There must be something more than the mere question of impeachment to authorize the granting of a new trial for newly discovered testimony. The State filed a contest and placed affidavits in the record which show confessions of the defendant which could be produced upon another trial. Two witnesses, Aiken and Watson, filed affidavits which would show upon another trial of the defendant his confession, which was made to each one of those affiants. Motion was made by the attorneys for appellant to strike these from the record, which was overruled by the court. It should not be necessary to here decide whether the court erred or not in refusing to eliminate those affidavits. The showing made by the appellant of the grounds of newly discovered evidence does not come within any rule of newly discovered testimony, and the affidavits filed by the State certainly could not be of any benefit to appellant on another trial, because they contain statements by the appellant which, if sworn to, would show his unquestioned guilt. So, from any standpoint, it could not be contended that the testimony, either for the State or for appellant, could have produced a different result, inasmuch as the impeaching testimony is not a ground for a new trial and the affidavits of the confession could not benefit the appellant. The punishment would hardly be reduced from the death penalty to some term of imprisonment in the penitentiary on additional confessions. Additional confessions could not be accorded as testimony favorable to appellant

For the reasons given this judgment will be affirmed.

*Affirmed.*