## LEE WASHINGTON v. THE STATE.

### No. 5674.  Decided February 18, 1920.

1.—Manslaughter—Newly Discovered Evidence—Motion for New Trial—Affidavits.

Where the motion for new trial was supported by proper affidavits alleging newly discovered evidence which was not contested, the same must be taken as true unless transversed by evidence for the State.  Following: Stalworth v. State, 66 Texas Crim. Rep., 428.

2.—Same—Impeaching Testimony—Newly Discovered Evidence.

Where the alleged newly discovered evidence is wholly of an impeaching character and would not be admissible upon trial for any other purpose, a new trial will not be granted.  Following: Taylor v. State, 75 Texas Crim. Sep., 20, and other cases.

3.—Same—Perjured Testimony—Functions of Jury.

Where appellant claimed that the conviction was had on perjured testimony, but there were enough facts in evidence to support the verdict of guilty, the matter is an issue of fact before the jury.

Appeal from the District Court of Leon.  Tried below before the Hon. Ben. H. Powell, judge.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—On question of newly discovered evidence: Merkel v. State, 75 Texas Crim. Rep., 551, and cases cited in opinion.

LATTIMORE, JUDGE.—It appears from the record, that at a former trial of this cause, in the court below, the jury convicted appellant of manslaughter, which verdict was set aside; and that on the instant trial, he was again convicted of manslaughter, and a verdict of two years confinement in the penitentiary assessed against him.

No briefs are on file for appellant, and but one contention appears to be made in the motion for new trial, the same being that of newly discovered evidence.  Appellant attached to his motion setting up the above ground, and duly sworn to, the affidavits of the two parties whose evidence is alleged to be newly discovered.  No controverting plea, or traverse of the matters contained in said motion, was filed by the State, and no evidence heard by the lower court at the time

of the presentation of said motion. We believe it correct practice when a motion for a new trial, setting up newly discovered evidence, is properly sworn to, and the affidavits of the witnesses from whom such new evidence is expected, are attached to and made a part of said motion, that same shall be considered as properly before the trial court and this court, and that such matters of evidence must be taken as true unless the State sees fit to file its traverse under our Article 841, Vernon's Code of Criminal Procedure, and the court hear evidence upon the issue made. Stallworth v. State, 66 Texas Crim. Rep., 428; Vernon's C. C. P., p. 806, Notes 12 and 13.

In the instant case, appellant attached to his motion setting up newly discovered evidence, the affidavits of J. J. Durst and T. H. Flint. Examining said affidavits, it appears that each sets out as the purported newly discovered evidence only statements made by one George Simpson, a witness for the State, after the alleged homicide, which statements are purported to have been made by said Simpson to the affiants, and which statements are contradictory of testimony given on the trial by said Simpson. Such being the case, the proposed testimony of Durst and Flint is wholly impeaching in character, and would be admissible upon trial for no other purpose; and the uniform holding of this Court in such case, as far as we are aware, is that we will not reverse.—Sec. 202, Branch's Ann. Penal Code, and authorities; Johnson v. State, 79 S. W. Rep., 635; Mays v. State, 78 Texas Crim. Rep., 75; McHenry v. State, 76 Texas Crim. Rep., 273; Taylor v. State, 75 Texas Crim. Rep., 20.

In oral argument, appellant urged that the conviction was had on perjured testimony, and, therefore, should not stand. These matters are ordinarily for the jury. The witnesses were before them. We observe that said witnesses were mainly negroes, and while there is no question that contradictions appear in their testimony, enough facts were in evidence to justify the belief of the jury in the guilt of appellant, and to support their finding. The case has been tried twice, each trial resulting in his conviction.

No error appearing, the judgment of the trial court is affirmed.

*Affirmed.*