No errors appearing in the judgment of the trial court, the judgment will be affirmed.

#### On Motion for Rehearing.

Appellant files a motion for rehearing, submitting the same propositions as were contained in his former presentation, and cites substantially the same authorities as relied upon in his original hearing.

Some additional authorities from other states are cited which, without specific review, we do not think to be in point. Appellant also cites the recent case of Griffin v. State, 218 S. W. 494, handed down by this court, which case, appellant contends, decides the questions involved in this case. In our view, appellant misapprehends the Griffin Case, which involved the sufficiency of a law attempting to regulate the lights permissible on an automobile; said law forbidding the use of lamps which "shall project forward a light of such glare and brilliancy as to seriously interfere with the sight of, or temporarily blind the vision of, the driver of a vehicle approaching from an opposite direction."

Construing the language of said law, we held it impossible of determination by one accused as to what kind of lights he might use, in advance of ascertaining the kind and character of eyesight of the driver of the approaching vehicle, and that to leave the question of criminality vel non dependent on peculiarities of vision of any number of approaching drivers was too indefinite and uncertain.

We are unable to see any similarity in the description of an offense which forbids the false packing of a bale of cotton, and that held bad in the Griffin Case. To uphold appellant's contention here, would be to declare unconstitutional for uncertainty our slander statute, which forbids in terms the false imputation of want of chastity of an unmarried female; also our statute forbidding the publication of another as a coward, or by other opprobrious language, and the statute on making false entries by the clerks of courts, and the giving of false certificates by officers, and false impersonation of officers, and many other statutes, too numerous to mention. We recognize that it would be no good reason for upholding the statute objected to in the instant case simply because other statutes might thereby be attacked or involved, but there are so many statutes frequently invoked and discussed which are no more definite and certain than the one under discussion that attention was called to this fact by us. We think that to charge one with falsely packing a bale of cotton in manner and form as substantially set out in our original opinion sufficiently puts him on notice of the charge against him, and that the statute in question is not obnoxious as being too vague and uncertain, and the motion for rehearing is overruled.

---

WASHINGTON v. STATE. (No. 5674.)

(Court of Criminal Appeals of Texas. Feb. 18, 1920.)

1. CRIMINAL LAW ⟐958(6), 1111(1)—GROUND FOR NEW TRIAL CONSIDERED ON APPEAL WHEN SUPPORTED BY UNCONTRADICTED AFFIDAVITS.

When a motion for new trial, setting up newly discovered evidence, is properly sworn to, and the affidavits of the witnesses from whom such new evidence is expected are attached to and made a part of said motion, the same should be considered as properly before the trial court and the appellate court, and such matters of evidence must be taken as true, unless the state sees fit to file its traverse under Vernon's Ann. Code Cr. Proc. 1916, art. 841, and the court hears evidence upon the issue thus made.

2. CRIMINAL LAW ⟐942(1)—NEWLY DISCOVERED IMPEACHING EVIDENCE DOES NOT REQUIRE NEW TRIAL.

Action of the trial court in denying a motion for new trial upon the ground of newly

discovered evidence, wholly impeaching in character, will not be reversed.

**3. CRIMINAL LAW ☞1159(4)—CREDIBILITY OF EVIDENCE FOR JURY.**

On appeal in a criminal case, an argument that the conviction was had on perjured testimony cannot be considered, where enough facts were in evidence to justify the belief of the jury in the guilt of accused, and to support their finding; the credibility of the witnesses being ordinarily for the jury.

Appeal from District Court, Leon County; Ben. H. Powell, Judge.

Lee Washington was convicted of manslaughter, and appeals. Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

LATTIMORE, J. It appears from the record that at a former trial of this cause in the court below the jury convicted appellant of manslaughter, which verdict was set aside, and that on the instant trial he was again convicted of manslaughter, and a verdict of two years' confinement in the penitentiary assessed against him.

[1] No briefs are on file for appellant, and but one contention appears to be made in the motion for new trial, the same being that of newly discovered evidence. Appellant attached to his motion, setting up the above ground and duly sworn to, the affidavits of the two parties whose evidence is alleged to be newly discovered. No controverting plea, or traverse of the matters contained in said motion, was filed by the state, and no evidence heard by the lower court at the time of the presentation of said motion. We believe it correct practice when a motion for a new trial, setting up newly discovered evidence, is properly sworn to, and the affidavits of the witnesses from whom such new evidence is expected, are attached to and made a part of said motion, that same shall be considered as properly before the trial court and this court, and that such matters of evidence must be taken as true, unless the state sees fit to file its traverse under our article 841, Vernon's Code of Criminal Procedure, and the court hear evidence upon the issue thus made. Stallworth v. State, 66 Tex. Cr. R. 428, 147 S. W. 238; Vernon's C. C. P. p. 806, notes 12, 13.

[2] In the instant case, appellant attached to his motion setting up newly discovered evidence the affidavits of J. J. Durst and T. H. Flint. Examining said affidavits, it appears that each sets out as the purported newly discovered evidence only statements made by one George Simpson, a witness for the state, after the alleged homicide, which statements are purported to have been made by said Simpson to the affiants, and which statements are contradictory of testimony given on the trial by said Simpson. Such being the case, the proposed testimony of Durst and Flint is wholly impeaching in character, and would be admissible upon trial for no other purpose; and the uniform holding of this court in such case, as far as we are aware, is that we will not reverse. Section 202, Branch's Ann. Penal Code, and authorities; Johnson v. State, 79 Tex. Cr. R. 635, 187 S. W. 336; Mays v. State, 78 Tex. Cr. R. 75, 179 S. W. 1192; McHenry v. State, 76 Tex. Cr. R. 273, 173 S. W. 1020; Taylor v. State, 75 Tex. Cr. R. 20, 169 S. W. 672.

[3] In oral argument, appellant urged that the conviction was had on perjured testimony, and therefore should not stand. These matters are ordinarily for the jury. The witnesses were before them. We observe that said witnesses were mainly negroes; and, while there is no question that contradictions appear in their testimony, enough facts were in evidence to justify the belief of the jury in the guilt of appellant, and to support their finding. The case has been tried twice, each trial resulting in his conviction.

No error appearing, the judgment of the trial court is affirmed.