# DECEMBER, 1923.

RICE C. RUSSEL v. THE STATE.

No. 7690. Decided June 13, 1923.

Rehearing denied December 5, 1923.

1.—Murder—Evidence—Bill of Exceptions.

Where the bill of exceptions did not set out the answer, if any, to the question propounded the same cannot be considered on appeal.

**2.—Same—Bills of Exception—Practice on Appeal.**

This court must indulge the presumption of the correctness of the ruling of the trial court unless the bill of exceptions evidences the converse, and where the soundness or correctness of the objection cannot be apraised, there is nothing to review.

**3.—Same—Threats—Evidence—Family.**

Where the deceased was a brother of appellant's wife and the one of her family at whom appellant's animus is more strongly revealed by the record, testimony of threats made by defendant directed at his wife's family were admissible in evidence. Following Bethume v. State, 49 Texas Crim. Rep., 166, and other cases.

**4.—Same—Evidence—Acts of Deceased—Bill of Exceptions.**

Upon trial of murder there was no error in allowing a witness to testify that he fully explained to appellant that the deceased was doing nothing more in connection with his sister, appellant's wife, than to offer her the asylum of his home, and was not instigating her into litigation, etc. The bill of exceptions which did not show that the question was answered need not be considered.

**5.—Same—Evidence—Threats.**

Where the State proved threats by a number of witnesses this did not authorize the accused to introduce a number of other witnesses who said that they heard no such threats.

**6.—Same—Argument of Counsel—Assassination.**

Where, upon trial of murder, counsel for prosecution in the opening argument stated, "The defendant testified that he believed that Douglass Crow was going to shoot him. If I had the heart to go out like the defendant and assassinate Douglass Crow, I would have testified to that too," this characterization of the killing, as an assassination, has never been held reversible error.

**7.—Same—Argument of Counsel—Bills of Exception.**

Where the bills of exception to arguments of private counsel for the prosecution set out lengthy statements of objection, etc., but there is no verification of the trial court as to the correctness of any of the matters stated as grounds of objection, they cannot be considered on appeal.

**8.—Same—Argument of Counsel.**

Where it appeared that counsel making the objectionable remark was admonished by the court and the jury instructed not to consider same, etc., there is no reversible error.

**9.—Same—Newly Discovered Evidence—Discretion of Court.**

Where the motion for new trial alleging newly discovered evidence was heard upon testimony, and no abuse of discretion is shown there is no reversible error.

**10.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence sustained the conviction for that offense, there is no reversible error.

**11.—Same—Rehearing—Bills of Exception.**

Where the bills of exception set out the various argument complained of, and then followed same with grounds of objection, but nowhere in the bills did the trial judge certify as a fact that the grounds existed save where the jury was directed to disregard the argument, the same cannot be considered on appeal.

Appeal from the District Court of Houston. Tried below before the Honorable W. R. Bishop.

Appeal from a conviction of murder; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

*Futch & Cooper,* and *C. M. Kay,* for appellant. On question of argument of counsel and bills of exception, Carter v. State, 221 S. W. Rep., 602; Brown v. State, 242 id., 219; Eiland v. State, 244 id., 528; Roach v. State, 232 S. E. Rep., 504.

*R. G. Storey,* Assistant Attorney General, and *Neb B. Morris,* for the State. On question of argument of counsel, Borrer v. State, 204 S. W. Rep., 1003; Hatchell v. State, 84 id., 234; Hart v. State, 57 Texas Crim. Rep., 21; Davis v. State, 58 id., 461; Cockrell v. State, 211 S. W. Rep., 939.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Houston County of murder, and his punishment fixed at fifty years in the penitentiary.

This is the second appeal of this case. See Russell v. State, 92 Tex. Crim. Rep., 114. The facts in the record on this appeal are somewhat different from those stated when the case was here before, but we deem it of no importance to call attention to the difference.

We are unable to perceive error in the asking of a question relative to whether deceased made a certain statement to a witness, the bill of exceptions not setting out the answer, if any, to such question.

Appellant's bills of exception Nos. 3, 6 and 7 are in such condition as not to put this court in possession of facts from which we could appraise the correctness or soundness of the objections made. To merely object for stated reasons to a matter not patently and obviously inadmissible *per se,* and to go no further than to state the grounds of objection and the further fact that the court overruled same, furnishes us no means of knowing the connection, surroundings, antecedent testimony or other matters from which we might detect error. On appeal this court must indulge the presumption of the correctness of the ruling of the trial court, unless the bill of exception evidences the converse.

Appellant objected to testimony of threats made by him directed at his wife's family. Deceased was a brother of appellant's wife and the one of her family at whom appellant's animus is most strongly revealed by the record. It would seem that he would be included in a threat directed at such family. The rule seems to be that a threat which by its terms includes the injured party may be given in evidence. Bethune v. State 49 Texas Crim. Rep., 166; Highsmith v. State, 41 Texas Crim. Rep., 37; Heffington v. State, 41 Texas Crim. Rep., 318. The threat referred to in the Duke case, 61 Texas Crim. Rep., 19, 133 S. W. Rep., 432, cited by appellant, was so general as to be clearly inadmissible.

We detect no error in allowing the witness Boyles to testify that he fully explained to appellant that deceased was doing nothing more in connection with his sister, appellant's wife, than to offer her the asylum of his home. The motive ascribed by the State to this killing was resentment because of supposed continued interference in his family affairs on the part of deceased. Mr. Boyles was an attorney connected with litigation involving appellant and his family. His explanation to appellant of the fact that deceased was not instigating or inciting the wife of appellant in such litigation, was material. The facts show that following a hearing involving the custody of his children at Houston, which was decided adversely to him, appellant shot deceased in the courthouse. Further complaint shown in bill of exceptions No. 5 of a question to Mr. Boyles in regard to an injunction, does not show error in that the answer of the witness, if any, is not stated and said bill is qualified with the statement that the question was not answered, and in this condition was accepted by the appellant.

We can not lend our sanction to the proposition that where the State proves threats by a number of witnesses, this authorized the accused to introduce a number of other witnesses by whom he sought to prove that they were with him at numerous times and places other than those mentioned by the State witnesses, and that at such other times they heard appellant make no threats.

In the opening argument for the prosecution the following statement was made:

"The defendant testified that he believed that Douglas Crow was going to shoot him, if I had the heart to go out like the defendant and assassinate Douglas Crow, I would have testified to that too."

The characterization of the killing as an assassination has never been held reversible error so far as we know.

Bills of exception Nos. 10 C, D, E, F and G are to arguments of private counsel for the prosecution. We find in said bills of exception lengthy statements of objection to the arguments, and statements of reasons why same should not have been indulged, but there is no

verification of the trial court as to the correctness of any of the matters stated as grounds of objection. How are we to know that the remarks complained of were beside the record? If the accused presented special charges that the jury be instructed as to any of such arguments that they could not consider them, we fail to find such requested instructions. Mr. Branch cites many authorities in Sec. 362. of his Annotated P. C., supporting the proposition that unless the remarks of counsel ·are obviously of such nature as to impair the rights of the accused, or to improperly prejudice his case, they will not be considered sufficient to require reversal, unless a charge instructing the jury not to regard them be asked, and an exception reserved. We do not think the language used in any of said statements obviously harmful, and in the absence of any statement certified by the judge from which we may learn to some extent the correctness of the matters asserted as objections and reasons for the wrongful character of such arguments, and in the absence of any requested instruction to not regard same, we must hold appellant has not brought himself within the rules.

The language of the remark set out in bill of exceptions No. 10-B is certified by the trial judge as being without evidence to support it. But as we consider same, it related to no matter involved in the homicide but appeared related to appellant's treatment of his wife at a time anterior to said killing; it further appearing that counsel making the remark was admonished by the court and the jury instructed not to consider same, we are not constrained to believe the remark of such serious consequences as should call for the reversal of this case.

Appellant sought a new trial for newly discovered evidence of a witness who claimed to have been near the court house in Houston when the shooting occurred and that he saw appellant and deceased come out of said building immediately after the shooting. Statements of said newly discovered witness adverse to his affidavit and testimony, were before the trial judge. He heard the conflicting testimony as to the contradictory statements made by this witness and decided the issue as to the materiality of such testimony and the probability that it might produce a different result upon another trial, adversely to appellant. We are not disposed to think the learned trial judge abused the discretion confided to him in this matter. Gray v. State, 65 Texas Crim. Rep., 204, 144 S. W. Rep., 283; Burns v. State, 12 Texas Crim. App., 270; Green v. State, 66 Texas Crim. Rep., 446, 147 S. W. Rep., 593; Taylor v. State, 75 Texas Crim. Rep., 20, 169 S. W. Rep., 672.

We can see no good to come from a recital of the facts. They are sufficient in our judgment to justify the verdict in this case. It was shown by various witnesses that appellant had made threats against

deceased and as to what he would do to him if he lost out in the law suit pending in Houston in which he was seeking to obtain the cus-, tody of his children. He lost out and shot deceased before leaving the courthouse.

The judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

December 5, 1923.

HAWKINS, Judge.—We have carefully re-examined the record touching the matters pointed out in appellant's motion as erroneous in our former opinion.

The many exceptions reserved to argument have again been reviewed and we are confirmed in the correctness of the disposition heretofore made of those assignments. The bills of exception set out the various argument complained of and then follows the grounds of the objection, but nowhere in the bills does the trial judge certify as a fact that the grounds existed, save in those instances where the jury was directed to disregard the argument. The statement of facts contains more than two hundred pages of typewritten matter. It is obvious that this court would be called upon to perform a hopeless and interminable task if we should undertake to examine this record to ascertain if basis existed in the evidence for each remark complained of, therefore the necessity is apparent for the bill to specifically certify that none existed. Where the court directed the jury not to consider certain argument then we can presume that in the opinion of the learned trial judge he believed it to be not supported by the evidence or for some other reason improper. Under the facts and circumstances disclosed in the present record we believe the argument which the jury was directed not to consider was not of such obviously harmful character as to call for a reversal regardless of such instruction. We are of opinion that none of the matters complained of require other disposition than already anounced.

The motion is overruled.

*Overruled.*