BOB PAYNE V. THE STATE.

No. 6348. Decided June 15, 1921.

**1.—Burglary—Other Offenses—Practice in Trial Court—Evidence.**

Where, upon trial for burglary, the State relied in the main upon the testimony of an accomplice and the defense testimony tended to exculpate the defendant, the introduction of testimony of other burglaries and offenses and the effort on the part of the prosecution to introduce indictments against the defendant charging him with other and independent crimes, the conviction must be set aside, notwithstanding the trial court, upon discovery of his mistake, instructed the jury to disregard this evidence. Following Deckerd v. State, 88 Texas Crim. Rep., 133.

**2.—Misconduct of Jury—Bill of Exceptions.**

In the absence of a bill of exceptions to court's action in overruling a motion for new trial for misconduct of the jury, the matter cannot be reviewed.

Appeal from the District Court of Hale. Tried below before the Honorable R. C. Joiner.

Appeal from a conviction of burglary; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*W. W. Kirk,* for appellant.—Cited James v. State, 228 S. W. Rep., 941, and cases cited in opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for burglary; punishment fixed at confinement in the penitentiary for two years.

The State's witness Williamson gave important testimony against the appellant. Upon cross-examination he admitted that he had confessed to a number of other crimes, including theft and burglary. On re-direct examination, the State, over appellant's objection, was permitted to prove that in the commission of some of the offenses included in those confessions, the appellant was present. The court, in his charge to the jury, instructed them to disregard this proof.

Upon the trial, the prosecuting attorney exhibited to the jury a number of indictments against the appellant and stated, in the presence of the jury, that he wanted to introduce some separate felony indictments against the appellant This was followed by a colloquy in which the prosecuting attorney insisted upon the admissibility of the indictments. Objection to them was finally sustained by the court and an instruction given to disregard the remarks.

Where there is brought to the knowledge of the jurors that the accused on trial has been guilty of the commission of another offense, they not unnaturally form the conclusion that he is a criminal and should be convicted in the case on trial. Recalling that justice demands that guilt should be established by evidence relevant to the particular charge contained in the indictment, the courts have uniformly rejected evidence of other crimes except where relevant to the solution of some issue pertinent to the case in hand. In other words, the general rule excludes evidence of other offenses and tolerates proof of them only when they come within some of the exceptions to the rule. In the case before us, proof of other offenses was not admissible. This was realized by the trial judge, and in explaining the bill taken to his action, he indicates that in admitting the testimony, he was under the impression that it came within the purview of the statute which permits the whole of a conversation or transaction, a part of which is introduced by the opposing party, (Code of Crim. Proc., Sec. 810), and upon discovery of his mistake instructed the jury to disregard the evidence. Of course, it having been used against the appellant, whether it was prejudicial to his rights becomes the controlling question.

The State relied on the main upon the testimony of the accomplice. There was testimony introduced by the appellant tending to exculpate him. The introduction of the illeged evidence was supplemented by the effort on the part of the prosecution to introduce indictments against the appellant charging him with extraneous and independent crimes, and it is not possible for the court to determine from the record what influence was produced upon the minds of the jury by the knowledge thus given them of the commission by the appellant of other offenses. The difficulty of correcting the error in the admission of testimony by instructing the jury to disregard it is easily comprehended has been

often recognized by this court as impracticable, if not impossible, when the evidence admitted was of material and prejudicial character. Deckerd v. State, 88 Texas Crim. Rep., 133, 225 S. W. Rep., 166, and cases therein referred to. In the case before us, the evidence of other offenses was not relevant, and we think it cannot be denied that it was prejudicial. Branch's Crim. Law, Sec. 338; Underhill's Crim. Evidence, Sec. 87.

In the case of Hunt a. State, 89 Texas Crim. Rep., 89 (No. 6167) decided March 30, 1921, knowledge of other crimes was not proved but was conveyed to the jury by the statements in their presence of the prosecuting officer, and upon review of the authorities, was held of such consequence as to require a reversal in an opinion of this court written by Judge HAWKINS, notwithstanding the effort on the part of the trial judge to cure its effect by withdrawal in his charge. In that opinion, attention is again called to the exceptions to the rule excluding such testimony. The observance of this rule cannot be too strongly commended to prosecuting officers. They cannot hold too well in mind the principle that one accused of crime should be tried upon the merits of the particular case, and that when extraneous crimes do not come under some of the recognized exceptions, no effort should be made to bring them to the attention of the jury. Branch's Crim. Law, Sec. 338; Mercer v. State, 66 S. W. Rep., 556; Rosa v. State, 86 Texas Crim. Rep., 650; Cyc. of Law & Proc., Vol. 12, page 572, note 67; Wyatt v. State, 58 Texas Crim. Rep., 115.

There is an allegation in the motion for new trial of the misconduct of the jury, but in view of the fact that the order on the motion for new trial states that witnesses were heard by the court in passing upon the motion, the finding against the motion is conclusive on appeal in the absence of a bill of exceptions or statement of facts bringing forward the evidence.

Persuaded by the record that the evidence of other offenses was improperly received, sure that it was calculated to prejudice appellant's case, uncertain of the weight which was given it by the jury and the extent to which it influenced their verdict, we feel that we would not be warranted in affirming the judgment. Its reversal is therefore ordered.

*Reversed and remanded.*