RICE C. RUSSELL v. THE STATE.

No. 6708.   Decided May 31, 1922.

Rehearing Denied June, 1922.

**1.—Murder—Newly Discovered Evidence—Sufficiency of Motion For New Trial.**

Where, upon motion for new trial, defendant set up newly discovered evidence based upon affidavit of the absent witness, who swore therein that he was in the courtroom, etc., at the time of the shooting; that deceased was

approaching defendant and threw his hand to his right hip pocket, corroborating the testimony of defendant, and complying with the law in every respect, appellant's motion should have been granted..

### 2.—Same—Practice on Appeal.

Where the matters mentioned and complained of will not likely occur upon another trial, they need not be discussed upon this occasion.

### 3.—Same—Evidence—Conversation—Practice in Trial Court.

The conversation between deceased and his father just prior to his death, which was wholly unrelated to any matter at issue and could only arouse the sympathy of the jury, etc., was inadmissible and should not have been left before the jury until the conclusion of the evidence, when the court withdrew the same.

### 4.—Same—Argument of Counsel—Practice on Appeal.

The court does not think it proper for attorneys to characterize the defendant in a case such as this case as an assassin, etc.

### 5.—Same—Side Bar Remarks—Practice in Trial Court.

Side bar remarks calculated to arouse the prejudice or sympathy of the jury should be carefully avoided by the attorneys on both sides.

### 6.—Same—Evidence—Threats.

There was no error in refusing to admit testimony to show that the witnesses were on familiar terms with the defendant, and had never heard him make threats against the deceased. Following McLin v. State, 65 Texas Crim. Rep., 384, 144 S. W. Rep., 951.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*Futch & Cooper,* and *John M. Mathis,* and *Camp M. Kay,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, and *E. T. Branch,* District Attorney, and *Ned B. Morris,* for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Harris County of the offense of murder, and his punishment fixed at death.

Continued trouble between appellant and his wife culminated in the shooting of wife's brother in the courthouse at Houston following a hearing in court upon appellant's request for a change or modification of the court's order relating to his two children, which order had been made in a divorce proceeding some time prior thereto.

From the record it appears that after the proceedings were ended, appellant went to the entrance floor of the courthouse where there was a cigar stand and purchased a cigar. After lighting said cigar and as he turned, he testified that he saw deceased approaching him with his hand in his hip-pocket, and thinking deceased was in the act of carrying into execution threats which he claimed had been reported to him, appellant said he pulled his pistol and began shooting at deceased. Deceased ran toward the outer door, pursued by appellant who fired other shots. Deceased fell upon the steps or sidewalk, and an officer arrested appellant and took from him his pistol. Deceased died some nine hours later. The theory of the defense was that it appeared to the appellant that his life was in danger caused by the demonstrations made by the deceased just prior to the beginning of the shooting. But one eyewitness to the facts immediately preceding the shooting testified for the State, and he was attacked by proof for the defense, that his general reputation for truth and veracity was bad, upon which issue the State introduced no evidence in rebuttal. This witness testified for the State that deceased was standing talking to some other party and had his hand up and not in the vicinity of his pocket at the time the first shot was fired by the appellant. Other parties testified to facts transpiring immediately following the sound of the shooting. Appellant's testimony that deceased was advancing upon him and making some kind of a demonstration from which it appeared to him that deceased was about to draw a pistol, was corroborated to some extent. Officer Graham who arrested appellant immediately after the shooting, said that he was nervous and seemed to be excited, and when asked by the officer if he did the shooting, he said yes,—said he had to do it, that deceased had broken up his home and had made a hip-pocket play at him. This witness further testified that this statement of appellant was made in the presence of deceased who had fallen near by and that Mr. Leach, the court stenographer, also heard it. In this connection we deem it not amiss to state that the record reflects the fact that efforts were made by officers and relatives of deceased to get him to make a statement before he died and he refused to do so.

As part of his motion for new trial appellant set up newly discovered evidence based on the affidavit of one Willis, who swore therein that he lived in Houston and was in the courthouse upon the entrance floor at the time of this shooting and saw same. He further said that deceased was approaching appellant and threw his hand to his right hip-pocket, and from the expression on his face and from his general appearance and movements, affiant expected him to draw a pistol. There appears no contest of the fact that this was newly discovered evidence. In an affidavit filed by the district attorney purporting to contest the application for new trial based on this ground, the State contended that Willis was not present at the shooting and would not

testify upon a trial of the case as contended for by appellant. There seems to have been an oral hearing upon the issue thus joined but the statement of the facts heard by the trial court seems to have been filed too late to be considered by us. We have carefully examined the affidavit of the State in which it attempts to set up its conclusion that the witness Willis will not testify as stated. The matter involved is of such gravity and importance to this appellant that we are not willing to decide this case in such way as to deprive him of the opportunity of producing said witness in court. If true, the testimony of Willis, as evidenced by his affidavit, strongly corroborates that of appellant and renders more probable his theory of the case, and may produce a different result upon another trial.

There are a number of matters of procedure complained of by various bills of exception, in many of which complaints there are more or less merit, but as they are matters relating solely to the trial of this case, and will not likely occur upon another tiral, we do not deem them of sufficient importance to discuss them at length.

The fact that the trial court allowed in evidence a conversation between deceased and his father just prior to his death, which was wholly unrelated to any matter at issue, and could only arouse the sympathy of the jury and possibly prejudice them against the appellant, will not be further discussed than to say its admission was erroneous, and the allowing of same to remain before the jury was also erroneous, inasmuch as the court at the conclusion of the evidence and after allowing said conversation to be considered by the jury during the trial,—instructed the jury not to consider said testimony.

We think the argument of the prosecution wherein the private prosecutor stated to the jury that "the evidence was sufficient to convince the jury that defendant was a mere home wrecker and wife beater and not a man whose home was broken up," was not warranted and such statement should not have been made. We do not think it proper for attorneys to characterize the defendant in a case such as this case as an assassin, etc., but this will not likely occur upon another trial.

The matter set out in appellant's bill of exceptions No. 1, approval of which was refused by the trial court but same appears to have been so signed and certified to in accordance with law by a number of bystanders as to require this court to consider same, presents a matter which should not have been allowed. Side bar remarks calculated to arouse the prejudice or sympathy of a jury should be carefully avoided by attorneys for both sides, and this is especially true in cases involving the death penalty.

We think no error was committed by the trial court in declining to permit the defense to introduce a large number of witnesses by whom it was sought to be shown that they were on familiar terms with ap-

pellant and saw him very frequently and had never heard him make any threats against deceased. McLin v. State, 65 Texas Crim. Rep., 384, 144 S. W. Rep., 951.

For the errors mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*