JIM ANDERSON v. THE STATE.

No. 7053.   Decided Jan. 24, 1923.

Rehearing Denied March 14, 1923.

**1.—Assault to Murder—Newly Discovered Evidence—Diligence.**

Where, upon trial of assault with intent to murder and a conviction for that offense, defendant's motion for new trial set up newly-discovered evidence, it is considered by the court that under the facts of the instant case the alleged evidence is newly discovered within the meaning of the statute, and that the defendant has brought himself within the rule of diligence, and a new trial should have been granted. Following Henson v. State, 74 Texas Crim. Rep., 283, and other cases.

**2.—Same—Rehearing—Newly Discovered Evidence—Rule Stated.**

Where the record showed the witness present at the trial whose evidence is claimed to be newly discovered, it is the exception rather than the rule that such contention will be fulfilled, however, in the instant case it must be recognized and a new trial granted.

Appeal from the District Court of Rusk. Tried below before the Honorable Charles L. Brachfield.

Appeal from a conviction of assault to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Futch & Cooper,* for appellant.—On question of newly discovered evidence: Ansley v. State, 91 Texas Crim. Rep., 435; Wilson v. State, 190 S. W. Rep., 155; Leonard v. State, 184 id., 225; Hargrove v. State, 195 id., 855; Gaines v. State, 89 Texas Crim. Rep., 838.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of five years.

Appellant struck Tom Daniels with an axe. This occurred at the home of Ora Neil. A dance was in progress. The parties, as well as the witnesses, were negroes.

Tom Daniels testified that while he was standing upon the gallery talking to Katie Austin, the appellant, without provocation, struck him with an axe. Daniels said that he was unarmed, and made no threat or demonstration.

Katie Austin, summoned by the State but used by the appellant, testified that she saw the encounter; that Daniels pointed his pistol at the appellant and told him not to move or he would kill him; that appellant was standing against the wall and seized an axe and struck Daniels with it. This was the extent of her testimony.

In the motion for new trial, it was shown by the affidavits of the appellant and his counsel that they learned after the conviction that Katie Austin knew additional facts favorable to the appellant and that Sarah Daniels could also give material testimony in his behalf. In these affidavits it was shown that Katie Austin at the trial disclaimed knowing any facts save those to which she gave testimony, and that Sarah Daniels disclaimed knowing any facts at all favorable to the appellant; that efforts were made to ascertain from her what she knew about the case, she being in attendance under process issued on behalf of the State; that she stated in terms that she was in the house at the time of the fight and had no knowledge upon the subject. Because of these statements, she was not used as a witness. After the trial, Sarah Daniels revealed to the man for whom she was working that

she knew additional facts, but that she was afraid at the time of the trial to reveal them. This knowledge was imparted to appellant's counsel, and acting upon it, he obtained from both Sarah Daniels and Katie Austin affidavits which were before the court upon the hearing of the motion for new trial. The affidavit of Sarah Daniels, in addition to negativing any disclosure of her knowledge prior to the conviction, stated that she had gone to the dance in company with Tom Daniels, Raymond Salty and Katie Austin; that Daniels' pistol was carried by Katie Austin in her coat-pocket; that after arriving at the place where the dance took place and after Daniels saw the appellant there, he said to Sarah Daniels that he wanted his pistol; that she volunteered to go to Katie Austin and get the pistol; that she did so, intending to put it in the automobile; that while she was in the act of doing so, Tom Daniels caught her and took the pistol away from her. He then went to the place where he received the injury.

Katie Austin in her affidavit verified the truth of the statement made by Sarah Daniels to the effect that she had the pistol and that Sarah Daniels came for it, stating that she intended to hide it. She described the pistol and said that it belonged to Daniels and that ·it was the one he was using at the time the appellant struck him.

The State filed a writing combatting the legal sufficiency of the motion for new trial, but not denying that the witness would give the testimony imputed to her in the motion for a new trial.

The verdict of the jury finding the appellant guilty and assessing the penalty of five years when the minimum allowed by law was two years, reflects the rejection by the jury of appellant's theory of self-defense. The verdict rests upon the testimony of the injured party and another witness that Daniels was not armed. Katie Austin testified that he was armed, but the State witness Sarah Daniels resisted the efforts of the appellant's counsel to learn the facts within her knowledge. In fact, she denied the knowledge of any material facts. This is made evident by the uncontroverted affidavits of the appellant and his counsel appended to the motion for new trial as well as by her affidavit. We understand that the State does not controvert its truth but insists that it would not bring about a different result. If believed, it certainly strengthened the appellant's defense in that it showed that Daniels, the injured party, took a pistol with him to the dance and immediately before meeting the appellant, got possession of it from the witness Sarah Daniels. This while discrediting the evidence of Tom Daniels, was not wholly cumulative or impeaching. Beard v. State, 55 Texas Crim. Rep., 157; Dunn v. State, 85 Texas Crim. Rep., 299.

We believe that, under the facts of the case, the evidence is newly discovered within the meaning of Article 837, subdivision 6, Code of Crim. Procedure, and that the appellant has brought himself within the rule of diligence applicable to that article. Henson v. State, 74 Texas Crim. Rep., 283, (on motion for rehearing); Gainer v. State,

89 Texas Crim. Rep., 529; Cottrell v. State, 91 Texas Crim. Rep., 131, 237 S. W. Rep., 928; Mireles v. State, 83 Texas Crim. Rep., 608, 204 S. W. Rep., 861; Nothaf v. State, 91 Texas Crim. Rep., 619, 239 S. W. Rep., 215. On the materiality of the testimony, see Russell v. State, 92 Texas Crim. Rep., 114, 242 S. W. Rep., 217.

The motion for new trial should have been granted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING

March 24, 1923.

HAWKINS, JUDGE.—The State insists we were in error in holding that appellant had brought himself within the rule requiring a new trial for newly discovered evidence. Where the record shows a witness present at the trial whose evidence is claimed to be newly discovered it is the exception rather than the rule that such contention will be sustained, but that such exception is well recognized will be found from an examination of the cases cited under the third paragraph of Section 204, page 130, Branch's Annotated Penal Code.

The State had proved by the injured party, Tom Daniels, that he was unarmed at the time appellant struck him with the axe. Appellant asserted to the contrary and claimed that Daniels had a pistol presented at him at the time the assault occurred. This was a pivotal issue in so far as appellant's right of self-defense was concerned. Sarah Daniels had been summoned as a witness for the State. The affidavits of appellant's counsel show they conversed with the witness who persistently denied that she knew any facts relative to the assault, claiming that she was in the house at the time it occurred, which latter statement appears to be true. Being misled by the concealment from them of the facts which the witness did know counsel for appellant did not call her as a witness. We may assume from the record that counsel representing the State fared no better in eliciting information from the witness than did counsel for appellant, or, if so, that the information obtained was not to the interest of the State, because it also refrained from placing her upon the witness stand. After the trial, through a conversation with her employer, and from information conveyed by him to appellant's counsel, they for the first time learned that this witness claimed that the injured party had taken his pistol from her possession when she was attempting to hide it in the automobile at a time only a few minutes before the difficulty occurred. She purposely concealed this knowledge from the attorneys representing appellant, and we are unable to conceive how they or appellant could have used any more diligence than the affidavits attached to the motion for new trial show they did use in an endeavor to ascertain what facts this witness knew. The truth of the facts asserted in her affidavit and those of appellant and his counsel was not controverted by the State.

They urged in the court below, and now urge in this court, that if Sarah Daniels did testify upon another trial as indicated in her affidavit that the evidence is only cumulative, corroborative and impeaching in its character and would not likely change the result. With this contention we have been unable to agree. One witness who was not close enough to the scene of the difficulty to see what was transpiring claims to have heard somebody say "Don't come on me with that pistol;" still another witness testified that appellant remarked immediately upon entering the house after he had struck the injured party with the axe that "If you don't believe he had a pistol go look in the yard." The State showed by an eye-witness other than the injured party that the latter was unarmed at the time of the assault.. If appellant is able to show upon another trial that Tom Daniels was seeking his pistol and obtained possession of it just a few minutes before the difficulty occurred the jury is entitled to know that fact to aid them in determining whether or not in truth Tom Daniels was armed with a pistol as claimed by appellant at the time of the difficulty.

The motion for rehearing is overruled.

*Overruled.*