And then immediately follows the recognizance copied above.

[1, 2] There is no merit in any of the objections urged. A recognizance is an obligation entered into in open court and carried into the minutes of the court as any other proceeding therein. The recitals in the recognizance that the conviction occurred in this court, and binding accused to appear before this court, leave no ambiguity about the matter. Bennett v. State, 91 Tex. Cr. R. 422, 239 S. W. 951; Scoggins v. State, 92 Tex. Cr. R. 424, 244 S. W. 535. What we have said regarding recognizances would not be applicable to bonds executed to effect liberation of accused pending appeal, because such bonds are no part of the court minutes. It is not necessary for a recognizance on appeal in a felony case to state the punishment assessed. Article 903, C. C. P., does not require it. Ex parte Cochrain, 92 Tex. Cr. R. 297, 243 S. W. 465.

[3] It is insisted that judgment final should not have been entered upon the recognizance in question because another recognizance with different conditions appears in the court minutes. When the recognizance was entered into, it was taken in the form prescribed by article 903, C. C. P.; but the clerk in entering it on the minutes followed a form for an appearance recognizance instead of the one prescribed on appeal. Before approving the minutes, the judge discovered the clerk's error and prepared the proper form of recognizance, which the clerk then entered in the minutes. The first one was not approved. There was no error in this proceeding. It was not necessary for the principal or sureties to be present when the minutes were corrected to speak the truth.

The judgment is affirmed.

## RUSSELL v. STATE. (No. 7690.)

(Court of Criminal Appeals of Texas. June 13, 1923. Rehearing Denied Dec. 5, 1923.)

1. **Criminal law ⚖➡1120(4)—Bill of exceptions not setting out answer to question held not to present error.**

A bill of exceptions to alleged objectionable question to witness, not setting out the answer to such question, *held* not to present error.

2. **Criminal law ⚖➡1144(½)—Correctness of trial court's ruling presumed unless bill of exception evidences converse.**

Court of Criminal Appeals must presume the correctness of the trial court's ruling unless a bill of exception evidence the converse.

3. **Criminal law ⚖➡1091(4)—Bill of exceptions held not to show error in admitting evidence when not showing surroundings.**

Bill of exceptions to the admission of testimony, showing merely objection for stated reasons to a matter not patently inadmissible per se, and overruling thereof without showing the connection, surroundings, or antecedent testimony, *held* insufficient.

4. **Homicide ⚖➡158(3)—Threat against family of accused's wife held admissible on trial for murdering wife's brother.**

A threat by accused, directed at his wife's family, *held* to include the wife's brother; so that, in a prosecution for murdering the brother, it was not error to admit testimony of such threats.

5. **Homicide ⚖➡166(3)—Testimony that witness told accused deceased did not attempt to interfere with accused's wife held material.**

Where the homicide of the brother of accused's wife was ascribed by the state to accused's resentment because of the deceased's supposed interference in accused's family affairs, testimony of an attorney connected with litigation involving accused and his family that he told accused that deceased was not inciting accused's wife in the litigation *held* material.

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Criminal law ⬅1120(4) —Bill of exceptions to alleged objectionable question held not to present error.**

A bill of exceptions complaining of an alleged improper question, without stating the answer, and qualified with the statement that the question was not answered, *held* not to present error.

**7. Criminal law ⬅387—Proof by state of threats held not to authorize accused to prove that at other times he made no threats.**

Proof by the state of threats made by accused, does not authorize the latter to introduce witnesses who were with him at numerous times and places other than those mentioned by the state, and that they heard accused make no threats.

**8. Criminal law ⬅720½—Counsel's characterization of homicide as an assassination held not reversible error.**

Prosecuting attorney's remark in his opening argument characterizing the killing by accused as an assassination *held* not reversible error.

**9. Criminal law ⬅1037(2), 1105(1)—Bill of exceptions held not to require reversal for improper argument when correctness of ground of objection not certified.**

In the absence of any statement, certified by the trial judge, showing the correctness of the matters asserted by accused in his bill of exceptions as objections and reasons why the prosecuting attorney's arguments were improper, and in the absence of any requested instruction not to regard the arguments, the arguments will not require a reversal when not obviously harmful.

**10. Criminal law ⬅1171(1)—Remark by prosecuting attorney not relating to homicide, and excluded from jury's consideration, held not ground for reversal.**

Where accused's killing of his wife's brother was ascribed by the state to deceased's supposed interference in accused's family affairs, a remark by prosecuting attorney relating to accused's treatment of his wife anterior to the homicide *held* not ground for reversal, especially where the trial court admonished the prosecuting attorney, and instructed the jury not to consider the remark.

On Motion for Rehearing.

**11. Criminal law ⬅1105(1)—Bill of exceptions to remark of counsel should specifically certify no grounds existed therefor.**

Bill of exceptions complaining of arguments of prosecution should specifically certify that no basis existed in the evidence for each remark complained of.

**12. Criminal law ⬅1144(10)—Presumed that trial court believed argument not supported by evidence or improper when he gave instruction to disregard.**

When the trial court directs the jury not to consider certain arguments of prosecution, the Court of Criminal Appeals may presume that, in the opinion of the trial judge, he believed the argument not supported by the evidence, or improper for some other reason.

Appeal from District Court, Houston County; W. R. Bishop, Judge.

Rice C. Russell was convicted of murder and appeals. Affirmed.

Futch & Cooper, of Henderson, and Cam M. Kay and Mathis, Heidingsfelder, Teague & Kahn, all of Houston, for appellant.

Ned B. Morris, of Houston, and R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Houston county of murder, and his punishment fixed at 50 years in the penitentiary. This is the second appeal of this case. See Russell v. State, 92 Tex. Cr. R. 114, 242 S. W. 217. The facts in the record on this appeal are somewhat different from those stated when the case was here before, but we deem it of no importance to call attention to the difference.

[1] We are unable to perceive error in the asking of a question relative to whether deceased made a certain statement to a witness, the bill of exceptions not setting out the answer, if any, to such question.

[2, 3] Appellant's bills of exception Nos. 3, 6, and 7 are in such condition as not to put this court in possession of facts from which we could appraise the correctness or soundness of the objections made. To merely object for stated reasons to a matter not patently and obviously inadmissible per se, and to go no further than to state the grounds of objection and the further fact that the court overruled same, furnishes us no means of knowing the connection, surroundings, antecedent testimony, or other matters from which we might detect error. On appeal this court must indulge the presumption of the correctness of the ruling of the trial court, unless the bill of exception evidences the converse.

[4] Appellant objected to testimony of threats made by him directed at his wife's family. Deceased was a brother of appellant's wife, and the one of her family at whom appellant's animus is most strongly revealed by the record. It would seem that he would be included in a threat directed at such family. The rule seems to be that a threat which by its terms includes the injured party may be given in evidence. Bethune v. State, 49 Tex. Cr. R. 166, 90 S. W. 1014; Highsmith v. State, 41 Tex. Cr. R. 37, 50 S. W. 723, 51 S. W. 919; Heffington v. State, 41 Tex. Cr. R. 318, 54 S. W. 755. The threat referred to in the Duke Case, 61 Tex. Cr. R. 19, 133 S. W. 432, cited by appellant, was so general as to be clearly inadmissible.

[5, 6] We detect no error in allowing the witness Boyles to testify that he fully explained to appellant that deceased was doing nothing more in connection with his sister, appellant's wife, than to offer her the asylum

of his home. The motive ascribed by the state to this killing was resentment because of supposed continued interference in his family affairs on the part of deceased. Mr. Boyles was an attorney connected with litigation involving appellant and his family. His explanation to appellant of the fact that deceased was not instigating or inciting the wife of appellant in such litigation, was material. The facts show that, following a hearing involving the custody of his children at Houston, which was decided adversely to him, appellant shot deceased in the courthouse. Further complaint shown in bill of exceptions No. 5 of a question to Mr. Boyles in regard to an injunction does not show error, in that the answer of the witness, if any, is not stated, and said bill is qualified with the statement that the question was not answered, and in this condition was accepted by the appellant.

[7] We cannot lend our sanction to the proposition that where the state proves threats by a number of witnesses, this authorized the accused to introduce a number of other witnesses by whom he sought to prove that they were with him at numerous times and places other than those mentioned by the state witnesses, and that at such other times they heard appellant make no threats.

[8] In the opening argument for the prosecution the following statement was made:

"The defendant testified that he believed that Douglas Crow was going to shoot him, if I had the heart to go out like the defendant and assassinate Douglas Crow, I would have testified to that too."

The characterization of the killing as an assassination has never been held reversible error so far as we know.

[9] Bills of exception Nos. 10 C, D, E, F, and G are to arguments of private counsel for the prosecution. We find in said bills of exception lengthy statements of objection to the arguments, and statements of reasons why same should not have been indulged, but there is no verification of the trial court as to the correctness of any of the matters stated as grounds of objection. How are we to know that the remarks complained of were beside the record? If the accused presented special charges that the jury be instructed as to any of such arguments that they could not consider them, we fail to find such requested instructions. Mr. Branch cites many authorities in section 362 of his Annotated P. C. supporting the proposition that, unless the remarks of counsel are obviously of such nature as to impair the rights of the accused, or to improperly prejudice his case, they will not be considered sufficient to require reversal, unless a charge instructing the jury not to regard them be asked, and an exception reserved. We do not think the language used in any of said statements obviously harmful, and, in the absence of any statement certified by the judge from which we may learn to some extent the correctness of the matters asserted as objections and reasons for the wrongful character of such arguments, and in the absence of any requested instruction to not regard same, we must hold appellant has not brought himself within the rules.

[10] The language of the remark set out in bill of exceptions No. 10B is certified by the trial judge as being without evidence to support it. But, as we consider same, it related to no matter involved in the homicide, but appeared related to appellant's treatment of his wife at a time anterior to said killing; it further appearing that counsel making the remark was admonished by the court and the jury instructed not to consider same, we are not constrained to believe the remark of such serious consequences as should call for the reversal of this case.

Appellant sought a new trial for newly discovered evidence of a witness who claimed to have been near the courthouse in Houston when the shooting occurred, and that he saw appellant and deceased come out of said building immediately after the shooting. Statements of said newly discovered witness adverse to his affidavit and testimony were before the trial judge. He heard the conflicting testimony as to the contradictory statements made by this witness, and decided the issue as to the materiality of such testimony and the probability that it might produce a different result upon another trial adversely to appellant. We are not disposed to think the learned trial judge abused the discretion confided to him in this matter. Gray v. State, 65 Tex. Cr. R. 204, 144 S. W. 283; Burns v. State, 12 Tex. App. 270; Green v. State, 66 Tex. Cr. R. 446, 147 S. W. 593; Taylor v. State, 75 Tex. Cr. R. 20, 169 S. W. 672.

We can see no good to come from a recital of the facts. They are sufficient in our judgment to justify the verdict in this case. It was shown by various witnesses that appellant had made threats against deceased, and as to what he would do to him if he lost out in the lawsuit pending in Houston in which he was seeking to obtain the custody of his children. He lost out, and shot deceased before leaving the courthouse.

The judgment of the trial court will be affirmed.

## On Motion for Rehearing.

HAWKINS, J. We have carefully re-examined the record touching the matters pointed out in appellant's motion as erroneous in our former opinion.

[11] The many exceptions reserved to argument have again been reviewed, and we are confirmed in the correctness of the disposition heretofore made of those assignments. The bills of exception set out the various

arguments complained of, and then follow the grounds of the objection; but nowhere in the bills does the trial judge certify as a fact that the grounds existed, save in those instances where the jury was directed to disregard the argument. The statement of facts contains more than 200 pages of typewritten matter. It is obvious that this court would be called upon to perform a hopeless and interminable task if we should undertake to examine this record to ascertain if basis existed in the evidence for each remark complained of; therefore the necessity is apparent for the bill to specifically certify that none existed.

[12] Where the court directed the jury not to consider certain argument, then we can presume that, in the opinion of the learned trial judge, he believed it to be not supported by the evidence or for some other reason improper. Under the facts and circumstances disclosed in the present record, we believe the argument which the jury was directed not to consider was not of such obviously harmful character as to call for a reversal regardless of such instruction. We are of opinion that none of the matters complained of require other disposition than already announced.

The motion is overruled.