STATE of Missouri, Respondent, v. John G. KLOCK, Appellant. (No. 17678.) (St. Louis Court of Appeals. Missouri. Nov. 5, 1924.) Appeal from St. Louis Court of Criminal Correction; Frank B. Grodzki, Judge. "Not to be officially published." H. V. Seidel and August Walz, both of St. Louis, for appellant. Lena Frank, Associate Pros. Atty., of St. Louis, for the State.

BECKER, J. The defendant was convicted of an assault upon his wife, and his punishment assessed at a fine of $200 and costs. Defendant appeals. The manuscript record has been lodged here, but the appellant has filed no brief. It is our duty under such circumstances to examine the record before us for errors, having in view the assignment of errors made in the motions for new trial and in arrest of judgment. The information is conventional, and sufficient in form to charge an offense as for assault. The motion for new trial sets up that error was committed in allowing the state to introduce incompetent and irrelevant testimony, and in excluding competent and relevant testimony offered by the defendant. We have carefully read the manuscript record, but have been unable to find any error, either in the admission or rejection of testimony, either for the state or for the defendant below. The assignment in the motion for a new trial that the judgment is against the weight of the evidence brings nothing here for review. The other assignments in the motion go to the question of the sufficiency of the evidence to sustain the conviction. The manuscript record before us discloses abundant testimony adduced on behalf of the state, which, if believed, is ample to sustain the conviction. It follows that the judgment should be affirmed; and it is so ordered.

ALLEN, P. J., and DAUES, J., concur.

**2**

STATE of Missouri, Respondent, v. John LAFFEY, Joe Egan, and Francis Kennedy, Defendants (Joe Egan and Francis Kennedy, Appellants). (No. 18831.) (St. Louis Court of Appeals. Missouri. Dec. 2, 1924.) Appeal from St. Louis Court of Criminal Correction; Calvin N. Miller, Judge. "Not to be officially published." G. McDonald, of St. Louis, for appellants. Albert L. Schweitzer, of St. Louis, for the State.

ALLEN, P. J. The defendants were convicted below of petit larceny. Upon a trial had before the court without a jury, they were found guilty as charged in the information filed against them, and their punishment assessed at a term of 60 days each in the workhouse From this judgment the defendants Egan and Kennedy have appealed. Nothing but the record proper is here, no bill of exceptions having been filed, and appellants have filed no brief. We have examined the record before us, as is made our duty by statute, and perceive no error therein. The information suffices to inform the defendants of the nature and cause of the accusation, and the finding and judgment are in

due form. It follows that the judgment must be affirmed; and it is so ordered.

BECKER and DAUES, JJ., concur.

**3**

Claud BRAZZELL, Appellant, v. STATE of Texas, Appellee. (No. 8193.) (Court of Criminal Appeals of Texas. Jan. 28, 1925.) On request for leave to file second motion for rehearing. Denied. For majority opinion, see 266 S. W. 788.

HAWKINS, J. So many requests of this character were being presented this court found it necessary in Hickman v. State, 93 Tex. Cr. R. 407, 247 S. W. 518, to make an announcement of the principle controlling our attitude towards them as follows: " * * * Second motions for rehearing will not be considered by this court, nor leave granted to file same, unless there be a sufficient showing in such application of the fact that in its original opinion, or opinion upon the motion for rehearing, the court has omitted to consider some matter, which, from the statement thereof in such application, is made to appear to this court so vital to the proper disposition of the case as to lead us to conclude that we erred in failing to consider same, or else such application must present such facts, arguments, or citations in reference to some matter decided in the original opinion or that upon rehearing, as will lead this court from an examination of the application to conclude that our decision in such regard was so far wrong as that its correction would entitle the appellant to a second rehearing." We have examined the present request in the light of the rule thus announced. No matter was omitted from consideration in our former opinions. The arguments and citations upon the subjects which are thought by appellant to have been erroneously disposed of have been again examined, and our views have remained unchanged. The request to file the second motion is denied.

**4**

HARMON v. UNITED MINE WORKERS OF AMERICA. (No. 138.) (Supreme Court of Arkansas. Jan. 26, 1925.) Concurring opinion. For majority opinion, see 266 S. W. 84.

McCULLOCH, C. J. The writer and Mr. Justice SMITH concur in the judgment of affirmance on grounds unnecessary to discuss, since they are not discussed in the opinion of the majority; but we are unwilling to subscribe to the doctrine that a member of an organization under contract with employers for the benefit of its members cannot recover damages for breach of the contract from one who has wrongfully caused the breach, merely because the contract of employment was not for a definite period. A contract of that kind may not be enforcible against the employer (St. L., I. M. & S. Ry. Co. v. Matthews, 64 Ark. 398, 42 S. W. 902, 39 L. R. A. 467); nevertheless, one who wrongfully causes a discharge from employment thereunder should be held liable in damages for such wrongful act.

**❊**