## AUBREY CALLEY ᵥ. THE STATE.

No. 9481.   Delivered November 11, 1925.

Rehearing denied January 13, 1926.

**1.—Possessing Intoxicating Liquor—Charge of Court—On Principals—Properly Submitted.**

It is not necessary for the indictment under which appellant is being tried, to allege that a party is acting as a principal in order to warrant proof of this fact, and to authorize the court to submit the issue of principals in his charge.   Where the evidence discloses that appellant was acting together with another person it is always proper to submit the law of principals to the jury.

**2.—Same—Continuance—Absence of Co-defendant—Properly Refused.**

Where a subsequent application for a continuance is presented on account of the absence of a co-defendant, indicted for the same offense, such application is properly refused.   If present, such witness could not testify in behalf of appellant.   Following Ortiz v. State, 151 S. W. 1056.

**3.—Same—Continuance—Absence of Attorney—Properly Refused.**

Where an application for a continuance is presented on account of the absence of one of appellant's attorneys, and it appearing that appellant was represented on the trial by able counsel, we think the court did not abuse his discretion in refusing to continue the case until the absent counsel could be present.

ON REHEARING.

**4.—Same—Province of Jury—Cannot be Disturbed.**

It has ever been the law in this state that the jury alone are the judges of the facts proven, of the credibility of the witnesses and of the weight to be given their testimony, and when there is evidence which if believed will authorize a verdict of guilty this court is without authority to disturb the verdict of the jury.

APPLICATION FOR SECOND REHEARING.

**5.—Same—Second Rehearing—Motion for Refused.**

Where an appellant presents a request for permission to file a second motion for rehearing, and presents in such application no new question, and fails to point out that this court has overlooked some vital question, and in no way brings himself within the rules under which a second motion for rehearing will be considered, such request will be denied. See Hickman v. State, 93 Tex. Crim. Rep. 407; 247 S. W. 518.

Appeal from the District Court of Howard County.   Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for the possession of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Harper & Howard* of El Paso, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawful possession of intoxicating liquor; the punishment is one year in the penitentiary.

The appellant claims in his brief that the proof of guilt does not exclude every other reasonable hypothesis and that the identification of the appellant is not established with that degree of certainty required by law. The state's witness Herman Howell, a nine year old boy, testified on these points as follows:

"I have seen this defendant, Aubrey Calley, before this time today; I mean this man sitting by the side of Judge Littler in the court room—the young fellow. Along about the time of that rodeo I saw the defendant going up to Mr. Hartman's here in Big Spring, and then I saw him and another man back kinder behind Mr. Hartman's place and behind Mr. Griffin's; they were in the alley back there. It is not level ground there; there is a ditch, a deep ditch there where I saw them. I first saw them digging; that was the first thing I saw him doing— I just saw him digging—that was the first thing, digging where the bank had caved off. He was digging a hole in the ground. Bill O'Brien and Vernon Franklin were with me at the time I saw the defendant and the other man there doing the digging. I forget now which one of the men was digging first, but one of them dug first and then the other one dug. But at that time this defendant told us boys to go around the corner and play there; that it was a better place to play around there. After they left the place where they were digging I went back to the place where they dug and scraped down into the fresh dirt where they had dug, and first found a red keg, then after Mr. Satterwhite got there he found another keg. The kegs sitting in the court room—the red keg and the other one, look like the kegs found there where the men did the digging. Mr. Satterwhite took both of the kegs found there away with him. He first opened the kegs. I know of my own knowledge that these are the kegs that we found there."

Similar testimony was given by the O'Brien boy.

Sheriff Satterwhite testified that he arrested the appellant and about the same time that he arrested him he found some whiskey in a ditch just behind Claude Wright's house. That the ditch that the whiskey was in was just about on the south line of the alley behind the house. That when he found the whiskey and the kegs it was hidden from view. That the little boys had found the red keg before he got there and had the dirt raked off of part of it and pointed it out to him, that is, Bill O'Brien and Herman Howell did. That after he found this liquor, he went to Hartman's house, opened the screen door, and Mrs. Wright was standing at the table washing the dishes, and Calley and the other man, the short man Dublin, were sitting over east of her, back of the cook stove; and that he asked Mrs. Wright if those two men were the only men that had been around her house that morning, on being told that they were, he arrested Dublin and this de-defendant, and asked whose car it was sitting out in the yard, and the defendant spoke up and said that it was his car, and as quick as he told the sheriff it was his car, the sheriff arrested them both. He identified the kegs in the courtroom as those he found there and testified that they both contained whiskey; that the two contained about twenty gallons, ten gallons each, he further testified that the red keg had been in the Ford car claimed by the appellant, giving as his reason that there was no cushion on the back seat of the car and that the red keg had ridden lengthwise on the seat and the back part of the seat was painted red for just the length of that keg.

We think this testimony authorized the jury to find to a moral certainty and beyond any other reasonable hypothesis that the appellant possessed the whiskey in question and to find that his identification was established beyond controversy.

The appellant also complains because the court instructed the jury on the law of principals. The appellant's objection to this part of the court's charge is that the indictment contained no allegation that the defendant was acting with another person and that there is no evidence in the record to the effect that he was acting as a principal. It is not necessary for the indictment to allege that a party is acting as a principal in order to enable the state to make proof of this fact and to authorize the court in submitting this issue. It occurs to us that the state's testimony shows beyond question that the appellant and the party named Dublin were acting together in

the possession of this liquor and the court correctly presented this theory of the case to the jury.

Complaint is also made at the court's action in overruling appellant's second application for a continuance. This application was based on the absence of Robert Dublin, the party who was indicted for the same offense as this defendant. The application seems to be conclusive on its face that the absent witness is at the present time under indictment for this same offense and, if so, would of course not be a competent witness for the appellant. In any event, the application shows that Dublin is a resident of the State of New Mexico and no error is perceived in the court's action in refusing to continue the case on account of his absence. Ortiz v. State, 151 S. W. 1056.

Neither do we think that reversible error was shown in the court's action on account of refusing to continue the case on account of the absence of John B. Howard, one of appellant's attorneys. The record manifests the fact that appellant was represented by able counsel and we think the court did not abuse his discretion in refusing to continue the case until Mr. Howard could be present.

There being no error found in the record, in this case, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The rule is so well settled that the jury are the exclusive judges of the credibility of the witnesses that we do not deem it necessary to go at length into the proposition that they having accepted and believed the testimony of the two boys who said they saw appellant and another hide the whiskey in question, would make their action binding upon this court. The motion for rehearing is devoted almost entirely to a discussion of what is deemed the improbability of the truthfulness of the story told by two boys nine or ten years of age. We can not agree that their testimony is preposterous or unbelievable. In many of its parts same is in accord with that of the other witnesses. The

accused was placed in close juxtaposition to the facts testified to by said boys, by the testimony of an officer.

Not being able to agree with the propositions advanced, the motion for rehearing will be overruled.

*Overruled.*

HAWKINS, JUDGE.—On application for permission to file second motion for rehearing.

Appellant requests permission to file a second motion for rehearing.

He presents no new question, makes no contention that we overlooked considering any vital matter, and in no way brings himself within the rules under which this court will consider a second motion. Hickman v. State, 93 Tex. Cr. R. 407, 247 S. W. 518.

The request is denied.

*Request denied.*