ROBERT WALTHALL, ALIAS, V. THE STATE.

No. 11325.    Delivered December 21, 1927.

Rehearing denied February 8, 1928.

**1.—Burglary and Repetition of Offense—Evidence—Held Sufficient.**

Where, on a trial for burglary, it was shown that the office of the American Express Company at Driscoll, in Nueces County, was burglarized on the night of October 4, 1926, and thereafter on the 6th of October, 1926, appellant pledged a suit of clothes stolen in said burglary to one Charley Jones, asserting at the time that the clothes belonged to him (the appellant) and it being further shown that the appellant had been theretofore convicted of the offense of burglary four different times, the evidence is sufficient to sustain the verdict, and the infliction of life imprisonment as a punishment.

ON REHEARING.

**2.—Same—Evidence—Conviction of Other Offenses—Properly Received.**

Where the indictment charged appellant with a burglary and alleged that he had been theretofore convicted of the offense of burglary four times, specifically naming each of such other offenses, there was no error in permitting the state to prove the commission of the other offenses and the identity of the appellant as the person committing them.

**3.—Same—Bill of Exception—Incomplete—Presents No Error.**

Where appellant, on a trial for burglary, complains of the admission of details of a like offense charged in the indictment to have been theretofore committed by him, and the objection to such evidence, as set out in the bill, that it was irrelevant and immaterial, was too indefinite to demand consideration. A blanket, or general objection to the receipt of evidence will not demand a review of the ruling of the trial court on appeal. See McGrath v. State, 35 Tex. Crim. Rep. 422; Branch's Ann. Tex. P. C., Sec. 200, Subd. 3, and other cases cited in opinion on rehearing.

**4.—Same — Punishment — For Subsequent Conviction — Statute Constitutional.**

Art. 63 P. C. 1925 reads as follows: "Whoever shall have been three times convicted of a felony less than capital, shall on such third conviction be imprisoned for life in the penitentiary." This statute has been held not unconstitutional. See Brittain v. State, 85 Tex. Crim. Rep. 491, and other cases cited in opinion on rehearing.

**5.—Same—Recent Possession of Property Stolen—Supports Conviction for Burglary.**

Where a burglary is shown by the evidence, the possession by the accused of property recently stolen, in such burglary is sufficient to identify him as the offender, unless there was evidence explanatory of his possession, consistent with his innocence.

**6.—Same—Former Jeopardy—Plea of—When Presented.**

In order to be available a plea of former jeopardy must be presented before the case goes to the jury, and such a plea cannot be presented for the first time in a motion for a new trial. See Dunn v. State, 92 Tex. Crim. Rep. 126, and other cases cited in opinion on rehearing.

Appeal from the Criminal District Court of Nueces County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for burglary, fifth conviction for that offense, penalty life imprisonment in the penitentiary.

The opinion states the case.

*B. D. Tarlton* of Corpus Christi, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The indictment under which appellant was tried charged the offense of burglary and contained averments showing that appellant had been previously convicted

of three successive offenses of like character; because of repetition of offenses, the penalty assessed was imprisonment in the penitentiary for life.

The state's testimony showed, in substance, that the office of the American Railway Express Company at Driscoll in Nueces County was burglarized on the night of October 4, 1926; that a suit of clothes and pistol were stolen therefrom; that about the 6 of October, 1926, appellant pledged the stolen suit of clothes to one Charley Jones in Robstown; that shortly thereafter the stolen suit was delivered by Charley Jones to officers; that officers delivered the suit to an agent of the American Railway Express Company; that the clothes were identified as being the property taken on the occasion of the burglary.

Appellant offered no testimony. A witness for the state testified that appellant stated, at the time he pledged the suit, that he had ordered the suit and that it belonged to him.

The record discloses that in 1917 appellant was convicted in Van Zandt County of the offense of burglary, for which he served a term in the penitentiary; that in 1919, he was convicted in. Jackson County of the offense of burglary, for which he served a term in the penitentiary; and that in 1920, he was convicted in San Patricio County of the offense of burglary.

Appellant's bills of exception are not sufficiently full in their recital of facts to enable us to determine whether the matters complained of constitute reversible error.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant was placed on trial for the offense of burglary alleged to have been committed on the 4th day of October, 1926. In the indictment it is charged that he had been convicted in Van Zandt County for an offense of the same nature on the 13th day of October, 1917, also in Jackson County on the 4th day of October, 1919, again in Jackson County on October 4, 1919, and in San Patricio County on the 11th of March, 1920. Four convictions for felonies of the same nature were had prior to the date of the present offense. Proper copies of indictments and judgments showing the convictions coinciding with the averments mentioned were put in

evidence, also testimony of penitentiary officers and others to the identity of the appellant as the person convicted.

In one of the indictments the name of the accused was given as Tessie Wicks; in the others, Robert Walthall was named.

In the motion for rehearing, the points raised in Bills of Exceptions Nos. 2, 3 and 8 are stressed. The witness Townsend testified, as shown by Bill of Exceptions No. 2, that the appellant was seen by the witness in Jackson County, was arrested while in possession of certain articles, was indicted, tried and convicted of burglary and sent to the penitentiary. He also gave in substance the following testimony: That on a certain occasion he saw the appellant asleep in a fig orchard with two big sacks of stuff—one under his head and one by him and a knife by him; that the articles in his possession were identified as coming from the burglarized premises; and that after he was convicted he broke jail and escaped.

In a forceful argument appellant insists that the details given by the witnesses, especially that which related to the appellant having a knife by his side while he was asleep and to his having broken jail and escaped, were improperly received. Many pertinent precedents are cited by the appellant. Among them are Deckard v. State, 225 S. W. 166; Payne v. State, 232 S. W. 802, in both of which other precedents are collated. It was imperative that the state prove not only that the appellant committed the burglary alleged to have been committed on October 4, 1926 in Nueces County, but that it establish the identity of the appellant as the person convicted under the other indictments in evidence. Part of the testimony of Townsend set out in the bill was relevant and competent on the issue of identity.

Against the receipt of the evidence, there was urged at the time the objection that it was irrelevant and immaterial. Such an objection has frequently been held too idefinite to demand consideration. See McGrath v. State, 35 Tex. Crim. Rep. 422, and numerous other cases collated in Branch's Ann. Tex. P. C., Sec. 208, Subd. 3. Moreover, that part of the testimony embraced in the bill which went to the identity of the appellant as the person who was convicted in Jackson County was admissible. Such being true, a blanket or general objection to the receipt of the evidence would not demand a review of the ruling of the court. See Payton v. State, 35 Tex. Crim. Rep. 510, and other cases collated by Mr. Branch in his Ann. Tex. P. C., Sec. 211. In the course of the bill, however, the appellant suggests that all references to details were calculated to prejudice his case and were improper. This is likewise quite general. The details,

that is, the possession of the knife and the escape from jail, were not admissible. However, they were so intermingled with the other testimony that, considered in the light of the objection made, we are not prepared to say that the bill would show error.

Because of the peculiar nature of the offense and the penalty which the law assesses renders the matter of injury questionable. The statute reads thus:

"Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary." (Art. 63, P. C., 1925.)

This statute has been held not unconstitutional. See Brittian v. State, 85 Tex. Crim. Rep. 491; Stevenson v. State, 89 Tex. Crim. Rep. 143; Gerard v. State, 91 Tex. Crim. Rep. 374; also Cyc. of Law and Proc., Vol. 12, p. 949. The testimony of which complaint is made could contribute nothing towards the proof of the appellant's guilt of the offense charged to have been committed in Nueces County. His conviction of the other offenses named in the indictment was proved by record testimony as well as abundant and uncontroverted evidence of identity. Unless, therefore, the evidence improperly received was susceptible of appropriation by the jury to some controverted issue to the prejudice of the appellant a reversal because of it would not be authorized. According to the evidence introduced, the storeroom of the American Railway Express Company was burglarized on the night of October 4, 1926. Among other property stolen was a C. O. D. package shipped from M. Born & Company, Chicago, to Martin and Buckley at Driscoll, Texas. This package was proved to contain a new suit of clothes ordered by D. C. Lee of the value of $38.00. The suit of clothes was delivered by a negro boy named Robert Walthall to the witness, Charley Jones, Walthall at the time stating that *he had ordered the suit* and receiving from Jones $4.00 in payment of it. A negro boy named Robert Walthall was definitely identified by several witnesses as the person who had possession of the suit of clothes and who sold it to Jones. The evidence reveals that Jones received the suit of clothes from the appellant not more than one or two days after the burglary was committed. Appellant neither testified nor introduced evidence. The only semblance of defensive theory arises from the declaration imputed to the appellant that at the time the suit of clothes was delivered to Jones, the appellant said he "had ordered it."

There being proof of the burglary by direct and uncontroverted evidence, the appellant's possession of property recently stolen was sufficient to identify him as the offender unless there

was evidence explanatory of his possession consistent with his innocence. It is not clear that the statement that "he ordered it" imputed to the appellant is of such cogency as demanded a charge upon the explanation of recently stolen property consistent with the innocence of the accused. Such a charge, however, was given. The condition of the record is such that if the complaint of the details mentioned was more pointedly before this court, it would not feel warranted in ordering a reversal by reason thereof. The evidence of the details mentioned was not susceptible of use by the jury to the prejudice of the appellant. His commission of the present offense and the previous offenses was conclusively proved. Therefore, his conviction of the present offense left the jury with no discretion in assessing the penalty. The law fixed it at imprisonment for life.

Bill No. 3 is meager to a degree that it brings up no question for review. The one attempted, however, was of the same nature as that embraced in bill No. 2.

Bill No. 8 is preserved to the overruling of the appellant's motion for new trial in which he set up for the first time his claim of former jeopardy. The plea is based upon the avertments that he had previously been indicted and put on trial for the identical offense charged to have been committed on October 4, 1926, in Nueces County; that after the impanelment of the jury and plea of not guilty and after the trial had begun the jury was discharged upon a motion made by the attorney representing the appellant, but the appellant gave no personal consent to the discharge. Such a plea is not available after verdict. It appears from the bill that he filed no plea of former jeopardy and such an issue cannot be made after a verdict rendered by the jury. See Dunn v. State, 92 Tex. Crim. Rep. 126; Torres v. State, 91 Tex. Crim. Rep. 386; Johnson v. State, 26 Tex. Crim. App. 631; Powell v. State, 17 Tex. Crim. Rep. 345; Holmes v. State, 20 Tex. Crim. App. 509; Barton v. State, 43 S. W. 987; Pickett v. State, 43 Tex. Crim. Rep. 1; Hill v. State, 75 Tex. Crim. Rep. 555, 186 S. W. 769; Lee v. State, 66 Tex. Crim. Rep. 567, 40 L. R. A. (N. S.) 1132.

The motion for rehearing is overruled.

*Overruled.*

## ON APPELLANT'S APPLICATION FOR PERMISSION TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—In order to save the court time and labor necessarily entailed in the consideration of the increasing number of requests for leave to file second motions for rehearing

it was announced in Hickman v. State, 93 Tex. Crim. Rep. 407, 247 S. W. 518, under what circumstances only such requests would be granted or such motions considered. The principle there announced has been followed in Brazzell v. State, 103 Tex. Crim. Rep. 33, 266 S. W. 1119; Calley v. State, 103 Tex. Crim. Rep. 53, 279 S. W. 848; Duncan v. State, 287 S. W. 55.

An examination of appellant's second motion in view of the principle announced in the foregoing authorities does not lead us to believe any matters have been overlooked in the previous consideration of appellant's case or that any error has been shown in the opinions heretofore rendered.

We commend the zeal of counsel who were appointed by the court to represent appellant, but we think the second motion presents no matter calling for further consideration.